STATE *v.* PHILIP B. STINESS, JR.

Under the provisions of chapters 656 and 697 of the Statutes, the town council of a town which is divided into voting districts may, at their first meeting after any annual election of town officers, either establish one justice court for the town, or elect a trial justice for each voting district, or elect one trial justice for all said districts. The election of one trial justice by a town in one of whose voting districts a court of magistrates has already been established, is an election of said one justice for all the remaining districts.

A town which has once elected a trial justice to serve in two or more voting districts, cannot afterwards change the constitution of the court so created, by electing separate trial justices for each of said districts. Such an election is void, and will not displace the officer first elected, inasmuch as, by the Statutes, he holds office until his successor is qualified to act.

INFORMATION in the nature of a writ of *quo warranto*, filed to determine whether or not the respondent is warranted to act as trial justice in voting districts Nos. 2 and 3 in the town of North Providence. It was argued to the court, upon an agreed statement of facts, from which it appeared that the respondent was elected June 11th, 1868, by the town council of North Providence, trial justice of the whole town, except that portion within the jurisdiction of the court of magistrates of Pawtucket, took the oath of office on the 16th day of the same month, and forth-

with entered upon the performance of the duties of the office. On the 7th of June, 1869, the annual town meeting was held, and subsequently, at a meeting of the town council, one John Angell was elected trial justice of voting district No. 2, and one Benjamin Hoxie of voting district No. 3 of said town, (district No. 1 being within the jurisdiction of the Pawtucket court of magistrates.) The respondent, after the expiration of his term of office, continued to act as trial justice in voting districts 2 and 3 of said town of North Providence.

*Collins, for the relators,* contended, that the respondent's first election was void, and also, that by the election of separate justices for the two districts, which were formerly within the jurisdiction of the respondent, his office was abolished, citing chapter 697 of the Statutes.

*Miner and Stiness, for the respondent,* contended, that no successor having been legally elected and qualified to succeed him, he continued to hold his office (to which he had been legally elected) by virtue of the provision of the statute, (Statutes, Chap. 656, § 1,) that a trial justice "shall hold his office until a successor is qualified to act," and cited the provisions of the same section, that any town "having once established a justice court, shall continue to elect a justice for the same annually thereafter."

BRAYTON, C. J. The respondent Stiness is called upon by this proceeding, to show by what warrant or authority he holds and exercises the office of trial justice of the town of North Providence, and holds a court called the justice court of that town. He claims that he was regularly elected to that office on the 11th day of June, 1868, by the town council of that town, upon whom that power was conferred, and that the term for which he was elected has not expired.

The question raised and argued, arose upon the provisions of chapter 656 of the statutes, and chapter 697 in amendment thereof. Chapter 656, section 1, enacts that "Any town wherein a court of magistrates or justices is not already established, having jurisdiction throughout such town, exclusive of that of all other justices of the peace therein, may establish a justice court

in the following manner : The town council of any such town may annually, at their first meeting after the annual town meeting for the election of town officers in such town, elect from the justices of the peace residing in such town, a trial justice, who shall hold his office until his successor is qualified to act." It also provides that the court established by such election shall be known as the justice court of such town.

By an amendment of this act, contained in chapter 697 of the statutes, it is provided that " the town council of any town divided into voting districts, may designate from the justices of the peace in said town in the manner prescribed by the act to which this act is in amendment, one trial justice for each voting district in such town, who shall have and exercise the jurisdiction and discharge the duties within such voting district, provided to be exercised and discharged by trial justices within the limits of the towns for which they are appointed under said act."

The act then, as amended, authorized the town council in any town divided into voting districts, annually at their first meeting after the annual town meeting for the election of town officers, to establish one justice court, with a jurisdiction exclusive of all other justices within the town, as the original act provides, or to establish a court in each of the several voting districts in the town, with a jurisdiction in each alike exclusive within their respective districts.

In either case, from the time the court or courts were thus established, it became the duty of the town annually to elect a successor or successors, as the case might require, to the officers first elected.

The town had been, before the election of any trial justice, divided into three voting districts, numbered 1, 2 and 3. In district No. 1 a court of magistrates had been established, with a jurisdiction exclusive within that district, but limited to that district, leaving the remainder of the town, viz., districts Nos. 2 and 3, unprovided with established courts.

By the act dividing the town into voting districts, exclusive power was given to the town councils, with the exception of

clerk, treasurer and town council who were to be elected by the electors, to elect all other officers which the town could elect. This election was to be made as that of trial justice was required to, be at the first meeting of the council after the town meeting for election of town officers. Upon these statutes, the questions raised are : Did the town council establish one court for all that portion of the town not within the exclusive juris·diction of the court of magistrates, by the election of one justice for the same, viz., the respondent? and if they did, has a successor been appointed since? The facts upon which the ques·tions rest are not set out by the defendant's plea, but the par·ties have submitted to us a statement of facts as agreed by them. From this statement, it appears that the election for town officers was holden on the first day of June, 1868; that the town council met on the 6th for canvassing the list of voters, a duty required of them by law equally with the election of town officers, and thereupon adjourned to meet again on the 11th day of June for the election of officers generally, as well as for this particular election, all being required to be done on the same day. On that day they elected town officers, and it also appears, elected the respondent Stiness a trial justice, as expressed on record, for districts No. 2 and No. 3.

No objection is made that the election was not made in due time; but it is objected that the election is void because the town council assumed to appoint the same individual a trial justice for each of the several districts, which, it is claimed, could not lawfully be done, and there must be a several justice for each district, or in other words, for each and every district court. Whether this might or might not be, it is not material to inquire otherwise than as it may bear upon the construction of the act of the town council in making the election.

The court is, by the act, to be established by the election of a justice. Did they mean to establish one court for the whole town, or one for each district, by appointing that one man should be trial justice only? If legally, it could not be thus done, it is not to be presumed that the town council intended an illegal act ; and if it could not be that one individual should

have jurisdiction throughout the two districts by two distinct courts, it would neither be presumed that the intent was that he should have it by being judge of one with jurisdiction throughout both. But the language to our mind does not imply an intent to create two courts. They elect one trial justice, which the act declares to be the mode in which a justice court shall be established, with jurisdiction throughout the town, and to be known as the justice court of the town. Had the town council simply elected a trial justice without more, this would have been his jurisdiction according to the terms of the act. This jurisdiction must be limited, however, by the exclusive jurisdiction of the court of magistrates in district No. 1, which the acts suppose may have been established and to be existing. The town council here have done what might well have been omitted, described the territorial jurisdiction of the trial justice as comprehending all the residue of the town not within the limit of the court of magistrates, and as comprehending districts No. 2 and No. 3, beyond which the power of no one justice could extend.

The respondent then, was elected a trial justice, and the only trial justice, for all the residue of the town not included in the jurisdiction of the court of magistrates at Pawtucket, and a court for that territory was legally established. The tenure of his office in the terms of the act is, to " hold his office till his successor is qualified to act."

The act provides that " any such town having once established a justice court, shall continue to elect a justice for the same annually thereafter."

And the remaining question is, have they elected another justice for this court to succeed the person first appointed ? If so, the respondent's office has expired, and if not, it still continues. Upon this point, the statement of facts shows that on the 15th day of June, 1869, eight days after the town election, the town council met for the first time after the election, and elected some, and perhaps most, of the town officers, the election of which was vested in the council. They then adjourned, from time to time, till the 16th day of July, 1869, by vote continuing all unfinished

business before them, including that of the election of officers. On the 16th of July, they voted to elect a trial justice for district No. 2, and another trial justice for district No. 3. The effect of this election, if it be valid, would be to establish two district courts instead of one town court, which had been established by the election of Stiness, and was still existing, and instead of electing a successor, which the law required, they destroy the court, and appoint new officers to offices newly created.

The statute contemplated that when the court is once established, it is to continue, whether it be a town or district court, and therefore provides for its continuance by requiring the election of a successor annually.

This, in the case before us, has not been done, and said respondent is entitled to hold, until some person is elected entitled to hold the office he now fills.

*Application dismissed.*